IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessica Garcia Luna,                                                           3:04CV7752

        Plaintiff

    v.                                                                          ORDER

PIK Rite, Inc.,

        Defendant

This is a personal injury case in which, after the defendant's motion for leave to join

additional parties was denied, it has filed motion to reconsider. That motion shall, for the reasons

that follow, be overruled.

Defendant, which manufactured a tomato harvesting machine that injured the plaintiff,

contends that the plaintiff's mother and the farmer whose crop was being harvested should be

joined as parties defendant. It states that the plaintiff's mother misrepresented the plaintiff's age

(plaintiff being fourteen at the time of the injury) and the farmer knew or should have know that

plaintiff was not as old as represented.

Defendant asks me to reconsider my decision to deny its motion for leave to join these

additional parties on the ground that the plaintiff impeded the course of discovery, and thus

delayed defendant's ability to learn about the misrepresentation, the mother's alleged culpability,

and farmer's putative knowledge or reason to know. Defendant wants its possible liability, from

the standpoint of proximate cause, to be adjudicate in one proceeding as to all possibly culpable

parties.

Assuming, solely for purposes of this opinion, that plaintiff delayed discovery [and acknowledging that defendant did call discovery problems to my attention, though perhaps not asa promptly as it might have], I remain of the view that this case should not be further delayed by the addition of new parties at this late stage of these proceedings.

The defendant will be able to introduce evidence that the acts of others, rather than any defect in its product, caused the plaintiff's injuries. The jury thus will be fully informed about the circumstances, and can deliberate and adjudicate accordingly.

Moreover, as noted, a right to indemnification, which is the gravamen of defendant's desire to join the additional parties, generally does not arise until after liability has been found as to the party seeking such recovery. That may not happen in this case.

My decision to overrule the motion to reconsider presumes that, if the defendant desires, the plaintiff's mother will be made available for trial (or an evidence deposition [preferably recorded by videotape] can be procured). If that presumption is not correct (something counsel should ascertain forthwith), I will revisit this decision.

Because I have overruled this motion without waiting for a response from the plaintiff, my usual practice of imposing sanctions to compensate counsel for opposing unsuccessful motions to reconsider shall not be followed.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge